UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOUNT DECORATIVE FLAGS, LLC D/B/A BRIARWOOD LANE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WHALECO INC., d/b/a TEMU, UNAUTHORIZED SELLER 1, d/b/a "MAINA," UNAUTHORIZED SELLER 2, d/b/a "OUTLETBESTONLINE.COM," AND UNAUTHORIZED SELLER 3, d/b/a "CONNOR,"<br><br>　　　　　　Defendants. | Civil Action No.<br><br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff Discount Decorative Flags, LLC d/b/a Briarwood Lane ("Plaintiff" or "Briarwood Lane") hereby brings this action to enjoin and seek relief for the unlawful and infringing conduct of Defendant Whaleco Inc. d/b/a Temu  ("Temu"), Unauthorized Seller 1, d/b/a "MaiNa," Unauthorized Seller 2, d/b/a Outletbestonline.com, and Unauthorized Seller 3, d/b/a Connor (collectively, "Defendants").  Defendants have willfully and flagrantly infringed Briarwood Lane's exclusive and valuable trademark rights, and engaged in unfair competition and false and deceptive practices, as follows:

## JURISDICTION AND VENUE

1.　　　　This is an action for federal trademark infringement, federal trademark counterfeiting, false designation of origin, and unfair competition under The Lanham Act and the laws of the State of New York.  This Court has subject matter jurisdiction over the federal claims of this action pursuant to 15 U.S.C. §1121(a)28 U.S.C. §1331 and 28

U.S.C. §1338, and has jurisdiction over the state claims pursuant to 28 U.S.C. §1338(b) and 15 U.S.C. §§1114, 1116, 1121(a), and 1125(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

2.      This action arises from Defendants' use, sale, offer for sale, and/or importing of products, and conduct of activities, that infringe Briarwood Lane's federal and common law trademark rights.

3.      This Court has personal jurisdiction over Defendants in that Defendants have engaged in acts constituting doing business in the State of New York, including in this judicial district and have intentionally directed its tortious activities toward the State of New York, including this judicial district. Defendants have committed acts of intellectual property infringement in New York, including this judicial district, have delivered the accused products into the stream of commerce with the expectation that they will be purchased by consumers in the State of New York, including this judicial district, and have shipped the accused products directly to this district. Defendants have sold or offered for sale products, including products that are the subject of this Complaint, to consumers in the State of New York, including this judicial district.

4.      Venue is proper in this Court, pursuant to 28 U.S.C. §§1391(b) - (d) and 28 U.S.C. §1400(b), in that Temu is a corporation subject to personal jurisdiction within this judicial district and has committed acts of trademark infringement in this district.

Venue is likewise proper in this Court as to the Unauthorized Sellers in that, upon information and belief, they are subject to personal jurisdiction within this judicial district and have committed acts of trademark infringement in this district.

## THE PARTIES

5.     Plaintiff Briarwood Lane is a corporation organized and existing under the laws of the State of New Jersey and having a principal place of business at 18 West Collings Avenue, West Berlin, NJ 08091.

6.     Defendant Temu is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 31 St. James Avenue, Boston, MA 02116.

7.     The defendants listed as Unauthorized Sellers 1-3 are entities responsible for violation of Plaintiff's rights via infringing sales on Temu's site.

8.     Namely, Unauthorized Seller 1 does business on the Temu site as "MaiNa."

9.     Unauthorized Seller 2 does business on the Temu site as "Outletbestonline.com."

10.     Unauthorized Seller 3 does business on the Temu site as "Connor."

11.     Each of these Unauthorized Sellers has been engaged in rampant willful infringement of Plaintiff's rights.  These Unauthorized Sellers, whether they be individuals or corporate entities, are sued herein under their fictiousness names because their true names and contact information are currently unknown to Plaintiff.  Plaintiff will

3

seek leave to amend this Complaint when the true names and contact information of Unauthorized Sellers 1-3 are ascertained via discovery from Temu.

## FACTS

12.　Plaintiff Briarwood Lane is a wholesale manufacturer and distributor of premium quality decorative flags and coordinating products.

13.　Briarwood has been a leader in the design and manufacturing of premium quality home and garden decor for over a decade.

14.　Briarwood Lane is the owner of U.S. Trademark Registration No. 4,550,906 for the mark BRIARWOOD LANE & Design for household decor and garden ornaments made primarily of textiles and also including beads ("the '906 Registration").

15.　The '906 Registration issued on June 14, 2014, is valid and subsisting, and has become incontestable pursuant to Sections 8 and 15 of the Trademark Act.

16.　A copy of the '906 Registration, as well as a report printed from the PTO's website which shows its current status, is attached hereto at Exhibit 1.

17.　Briarwood Lane is also the owner of pending U.S. Application No. 97/873,809 for the word mark BRIARWOOD LANE for household decor and garden ornaments made primarily of textiles and also including beads; decorative non-metal mailbox covers ("the '809 Registration").

18.　Briarwood Lane also owns common law rights in connection with its long-standing uses of the BRIARWOOD LANE & Design mark, and BRIARWOOD LANE word mark in intrastate and interstate commerce throughout the entire United States.

4

19.    The BRIARWOOD LANE & Design mark and BRIARWOOD LANE word mark are collectively referred herein to as the BRIARWOOD LANE Trademarks.

20.    The BRIARWOOD LANE Trademarks have been used in interstate commerce since at least as early as January 1, 2013.

21.    Goods bearing the Briarwood Lane Trademarks are sold wholesale to online and brick and mortar retailers throughout the country.

22.    Those goods are then sold at retail through a wide variety of online and physical retailers including, but not limited to Ollie's, Gabe's, Old Time Pottery, Amazon.com, Target, Walmart, and Boscov's.

23.    Briarwood Lane advertises and promotes its products bearing the Briarwood Lane Trademarks on the Internet at its website www.briarwoodlane.com and on social media such as Facebook and Instagram.

24.    Briarwood Lane has spent substantial sums promoting and advertising its branded products.

25.    BRIARWOOD LANE branded products are also routinely promoted and advertised by the retailers of those products.

26.    As a result of the continuous and extensive sale and promotion of BRIARWOOD LANE branded products, consumers have come to recognize the home décor products bearing the Briarwood Lane Trademarks as originating exclusively with Briarwood Lane and as an indicator of high quality goods.

27.     Upon information and belief, Temu is a subsidiary of PDD Holdings, a multinational commerce group that owns and operates a portfolio of businesses, including Pinduoduo and Temu.

28.     Temu is an e-commerce platform and marketplace which is used by third party merchants to advertise and sell products.  Temu is accessed through its website www.temu.com and its mobile applications by third party merchants and consumers seeking to purchase various goods.

29.     The Temu platform promotes, advertises and sells products in approximately 29 categories, including home décor.

30.     Various third party manufacturers and sellers advertise and sell home décor products falsely identified as authentic BRIARWOOD LANE branded products, when they are not.  Examples of such products are attached hereto at Exhibit 2.

31.     Briarwood Lane has repeatedly notified Temu of the promotion and sale of counterfeit BRIARWOOD LANE branded home décor products by specific sellers and manufacturers.  Briarwood Lane followed the infringement policies set out at Temu.com and sent Temu "take-down letters" on February 22, 2023, March 1, 2023 and April 26, 2023.  Copies of the take-down letters are attached hereto at Exhibits 3, 4, and 5.

32.     Since May 16, 2023 alone, Briarwood Lane has sent Temu take-down notices of hundreds of infringements.

33.     Three sellers/manufacturers are primarily responsible for the ongoing infringement of the Briarwood Lane Trademarks: "MaiNa," "Outletbestonline.com," and

"Connor" (Unauthorized Sellers 1-3, respectively; collectively "the Unauthorized Sellers").

34.     Despite repeated take-down letters concerning the infringement by the Unauthorized Sellers, Temu has continued to allow the Unauthorized Sellers to continue to promote and sell infringing BRIARWOOD LANE home décor.  Examples of the promotion and sale on Temu by each of the Unauthorized Sellers are attached hereto at Exhibit 2.

35.     Despite receiving so many take-down notices from Briarwood Lane, Temu has purposefully and willfully further assisted the Unauthorized Sellers by placing sponsored advertisements on Google promoting their sale of infringing home décor products bearing the Briarwood Lane Trademarks.

36.     An example of such an advertisement from a Google search of June 30, 2023, is shown below:



37.    An example of another such advertisement (from a search conducted on or around June 16, 2023) is shown below:



38.   Temu has derived and continues to derive significant revenues from the sale of infringing BRIARWOOD LANE branded products by the Unauthorized Sellers.

39.   Likewise, the Unauthorized Sellers have derived, and continue to derive, significant revenue from the sale of infringing BRIARWOOD LANE branded products.

40.   Despite the repeated notices given to Temu of the infringements by the Unauthorized Sellers, Temu has willfully infringed, and continues to willfully infringe, Briarwood Lane's trademark rights.

41.   The use by Defendants of the identical mark Briarwood Lane® in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation,

9

connection, or association of Defendants and/or their products with Briarwood Lane, and with authentic Briarwood Lane products, when there is none.

42.     Plaintiff invested significant time, funds, and effort into its products, and toward building goodwill in its BRIARWOOD LANE Trademarks.

43.     As a result of Plaintiff's efforts and promotional, advertising, and marketing activities, Plaintiff's marks have become widely known throughout the United States and worldwide.

44.     Plaintiff's intellectual property, and its associated goodwill, directed to its home and garden décor products are all valuable assets of Plaintiff.

45.     Defendants' acts complained of herein have caused Briarwood Lane to suffer irreparable injury to its business. Briarwood Lane will continue to suffer substantial loss and irreparable injury unless and until Defendants are enjoined from its wrongful actions complained of herein.

46.     Defendants' activities have been deliberate, willful, and in bad faith.

47.     Defendants are aware of Briarwood Lane and the BRIARWOOD LANE Briarwood Lane Mark, and have deliberately chosen to use, sell, and offer for sale, products intended to copy or imitate the same, to advertise and promote infringing goods, and/or to engage in willful blindness regarding the same.

48.     Briarwood Lane has no adequate remedy at law.

49.     Briarwood Lane has been damaged by Defendants' illegal actions in an amount to be determined by a jury and this Court, including recovery and relief for

10

Briarwood Lane's lost sales, lost profits, and damage to its reputation and good will, and/or a disgorgement of Defendants' revenues and profits.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §1114)

50.     Briarwood Lane repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51.     This is a claim for infringement of a federally registered trademark under 15 U.S.C. §1114.

52.     Briarwood Lane is the owner of U.S. Trademark Registration No. 4,550,906 for the Briarwood Lane Trademarks.

53.     The registration is valid, subsisting and incontestable.

54.     Without Briarwood Lane's authorization or permission, Temu has used in commerce marks that are identical to, and are confusingly similar to, the BRIARWOOD LANE Trademarks by permitting the Unauthorized Sellers to market, promote, manufacture, distribute, sell, and/or advertise their infringing home décor products on Temu's e-commerce marketplace, and to continue to do so despite repeat notice to Temu as to the Unauthorized Sellers blatant, repeated, and extensive infringement.

55.     Without Briarwood Lane's authorization or permission, the Unauthorized Sellers have used in commerce marks that are identical to, and are confusingly similar to, the BRIARWOOD LANE Trademarks, and market, promote, manufacture, distribute, sell, and/or advertise infringing their home décor products on Temu's e-commerce marketplace.

11

56.     Such uses by Defendants are likely to cause confusion or mistake or to deceive consumers into believing that home décor products of the Unauthorized Sellers are associated with, sponsored by, originate from, affiliated with, or approved by Briarwood Lane, when they are not.

57.     Briarwood Lane does not sell, and has never sold, its BRIARWOOD LANE branded products on the Temu platform.

58.     Defendants have engaged in their acts intentionally, and with the intent to profit off of the infringing goods, to unfairly compete with Briarwood Lane, and to trade upon its reputation and goodwill, by causing confusion and mistake among customers and the public, and to deceive the public into believing that authentic Briarwood Lane products are available on Temu's site when they are not.

59.     Defendants' acts pose a likelihood of confusion that the products on Temu's site are authentic Briarwood Lane products.

60.     Temu has actual knowledge of Briarwood Lane's ownership and prior use of the BRIARWOOD LANE Trademarks, by virtue of the repeated notices that Briarwood Lane has sent to Temu.  Temu also has constructive notice of the BRIARWOOD LANE Trademarks.

61.     Upon information and belief, the Unauthorized Sellers also have knowledge and/or construction or actual notice of the BRIARWOOD LANE Trademarks and Plaintiff's rights.

62.     Despite such knowledge and/or notice, Temu and the Unauthorized Sellers have willfully infringed Briarwood Lane's trademark rights, in violation of 15 U.S.C. §1114.

63.     Defendants' bad faith activities have injured Briarwood Lane and damaged Briarwood Lane in an amount to be determined at trial.

64.     Defendants' acts of infringement were and are willful and deliberate.

65.     Defendants have irreparably and substantially injured Briarwood Lane.

66.     Such irreparable injury will continue unless and until Defendants are preliminarily and permanently enjoined by this Court from further violation of Briarwood Lane's rights.

67.     Briarwood Lane has no adequate remedy at law.

**COUNT II**
**FEDERAL TRADEMARK COUNTERFEITING**
**(15 U.S.C. §1114)**

68.     Briarwood Lane repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

69.     This is a claim for federal trademark counterfeiting under 15 U.S.C. §1114.

70.     Briarwood Lane is the owner of U.S. Trademark Registration No. 4,550,906 for the Briarwood Lane Trademarks.

71.     The '906 Registration is valid, subsisting and incontestable.

72.     The BRIARWOOD LANE Trademarks are fanciful and arbitrary, and are associated the minds of the public and consumers with Plaintiff Briarwood Lane.

73.     Temu has actual knowledge of Briarwood Lane's ownership and prior use of the BRIARWOOD LANE Trademarks, by virtue of the repeated notices that Briarwood Lane has sent to Temu.  Temu also has constructive notice of the BRIARWOOD LANE Trademarks.

74.     Upon information and belief, the Unauthorized Sellers also have knowledge and/or construction or actual notice of the BRIARWOOD LANE Trademarks and Plaintiff's rights.

75.     Despite such notice, Defendants have willfully infringed Briarwood Lane's trademark rights, in violation of 15 U.S.C. §1114.

76.     Temu is offering for sale products with marks that are identical to, or indistinguishable from, genuine BRIARWOOD LANE Trademarks, in association with the promotion of its online retail store services, without Briarwood Lane's approval, authorization, or consent.

77.     The Unauthorized Sellers are offering for sale products with marks that are identical to, or indistinguishable from, genuine BRIARWOOD LANE Trademarks, without Briarwood Lane's approval, authorization, or consent.

78.     Temu's use of the counterfeit BRIARWOOD LANE Trademarks, and its infringing advertisements, has been likely to cause confusion in the minds of the public, leading the public to believe that Temu's online retail store services originate from Plaintiff Briarwood Lane and/or that Plaintiff Briarwood Lane has approved, sponsored, or otherwise associated itself with the goods and services offered for sale and/or distributed by Defendant Temu.

14

79.     The Unauthorized Sellers' use of the counterfeit BRIARWOOD LANE Trademarks, and its infringing advertisements, has been likely to cause confusion in the minds of the public, leading the public to believe that the Unauthorized Sellers' products originate from Plaintiff Briarwood Lane and/or that Plaintiff Briarwood Lane has approved, sponsored, or otherwise associated itself with the goods offered for sale and/or distributed by the Unauthorized Sellers.

80.     Temu and the Unauthorized Sellers' use of the counterfeit BRIARWOOD LANE Trademarks, and Temu's infringing advertisements, all of which is without Briarwood Lane's authorization or consent, constitute a willful and intentional infringement of the BRIARWOOD LANE Trademarks.

81.     Defendants' conduct is intended to exploit the strong reputation and goodwill that is exclusively associated with the BRIARWOOD LANE Trademarks, to take an unfair competitive advantage of the BRIARWOOD LANE Trademarks' goodwill, without any expenditure of Defendants' own resources.

82.     Plaintiff Briarwood Lane has no control over the quality of the goods marketed and/or sold by the Defendants.

83.     Because of the likelihood of confusion as to the source of Defendants' goods, or as to whether Defendants' goods are sponsored or endorsed by, or affiliated with, Plaintiff, and in view of Defendants' bad faith use of the BRIARWOOD LANE Trademarks, and Temu's blatant use of infringing advertisements to lure in consumers, Plaintiff's valuable goodwill in its BRIARWOOD LANE Trademarks is at the mercy of, and being irreparably harmed by, Defendants.

15

84.   Defendants have irreparably and substantially injured Briarwood Lane.

85.   Such irreparable injury will continue unless and until Defendants are preliminarily and permanently enjoined by this Court from further violation of Briarwood Lane's rights.

86.   Briarwood Lane has no adequate remedy at law.

**COUNT III**
**FEDERAL TRADEMARK INFRINGEMENT,**
**FALSE DESIGNATION OF ORIGIN,**
**PASSING OFF, AND UNFAIR COMPETITION**
**(15 U.S.C. §1125(a))**

87.   Briarwood Lane repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

88.   This is a claim for trademark infringement, false designation of origin, passing off, and unfair competition, arising under 15 U.S.C. §1125(a).

89.   Defendants' use of the identical BRIARWOOD LANE Trademarks, without Briarwood Lane's consent, constitutes trademark infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. §1125(a).

90.   Defendants' use of the identical BRIARWOOD LANE Trademarks, without Briarwood Lane's consent, constitutes trademark infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of

fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products or commercial activities in violation of 15 U.S.C. §1125(a).

91.     Defendants' acts of trademark infringement, false designation of origin, passing off, and unfair competition have been willful and without regard to Briarwood Lane's rights.

92.     Pursuant to 15 U.S.C. §1117, Briarwood Lane is entitled to recover (1) Defendants' profits, (2) any damages sustained by Briarwood Lane, and (3) the costs of the action.

93.     In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case, and in view of the willful and bad faith nature of the infringement.

94.     The Court may also award Briarwood Lane its reasonable attorneys' fees for the necessity of bringing this claim.

95.     Briarwood Lane has been extensively damaged by Defendants' conduct in an amount to be determined at trial.

96.     Due to Defendants' actions constituting trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, Briarwood Lane has suffered and continues to suffer great and irreparable injury, for which Briarwood Lane has no adequate remedy at law.

17

97.     Defendants will continue its trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendants are enjoined by this Court.

98.     Briarwood Lane has no adequate remedy at law.

**COUNT IV**
**UNFAIR COMPETITION**
**(New Jersey State Common Law)**

99.     Briarwood Lane repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

100.    This is a claim for unfair competition arising under the common law of the State of New Jersey.

101.    Defendants have misappropriated the results of that labor and skill and those expenditures of Briarwood Lane.

102.    Defendants have, and continues to, willfully and intentionally pass off their products as products of Briarwood Lane in competition with Briarwood Lane, gaining an unfair advantage, because Defendants bore little or no burden of expense of development and promotion of Briarwood Lane's Trademarks and products.

103.    Defendants' actions have caused, and are continuing to cause, significant commercial damage to Briarwood Lane.

104.    Defendants' acts of trademark infringement, false designation of origin, passing off, and federal unfair competition complained of herein constitute trademark infringement and unfair competition under New Jersey common law.

18

105.     By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in New Jersey and elsewhere, thereby unfairly competing with Briarwood Lane in violation of the common law of the State of New Jersey.

106.     Defendants, by their actions, have irreparably injured Briarwood Lane. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Briarwood Lane's rights, for which Briarwood Lane has no adequate remedy at law.

107.     Defendants' conduct is illegal and actionable under the common law of unfair competition of the State of New Jersey.

108.     Briarwood Lane has been injured by Defendants' illegal actions and is entitled to the remedies provided under New Jersey law.

**COUNT V**
**UNFAIR COMPETITION**
**(New Jersey Unfair Competition Act, N.J.S.A. 56:4-1)**

109.     Briarwood Lane repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

110.     This is a claim for unfair competition arising under the law of the State of New Jersey.  N.J. Stat. §56:4-1 (Appropriation of name, brand, trade-mark, reputation or goodwill of maker by dealer in product of maker).

111.     Defendants have appropriated for their own use a name, brand, trade-mark, reputation or goodwill of Briarwood, in products in which Defendants deal.

112.    By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in New Jersey and elsewhere, thereby unfairly competing with Briarwood Lane in violation of the New Jersey Unfair Competition Act.

113.    Defendants' conduct is illegal and actionable under New Jersey law.

114.    Briarwood Lane has been injured by Defendants' illegal actions and is entitled to the remedies provided under New Jersey law.

**COUNT VI**
**UNFAIR COMPETITION**
**(New York Common Law)**

115.    Briarwood Lane repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

116.    This is a claim for unfair competition arising under the common law of the State of New York.

117.    Defendants have misappropriated the results of the labor and skill, and the expenditures of, Briarwood Lane.

118.    Defendants have, and continue to, willfully and intentionally pass off their products as products of Briarwood Lane in competition with Briarwood Lane, gaining an unfair advantage, because Defendants bore little or no burden of expense of development and promotion of Briarwood Lane's Trademarks and products.

119.    Defendants' actions have caused, and are continuing to cause, significant commercial damage to Briarwood Lane.

120.    Defendants' acts of trademark infringement, false designation of origin, passing off, and federal unfair competition complained of herein constitute trademark infringement and unfair competition under New York common law.

121.    By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this judicial district and elsewhere, thereby unfairly competing with Briarwood Lane in violation of the common law of the State of New York.

122.    Defendants, by their actions, have irreparably injured Briarwood Lane. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Briarwood Lane's rights, for which Briarwood Lane has no adequate remedy at law.

123.    Defendants' conduct is illegal and actionable under the common law of unfair competition of the State of New York.

124.    Briarwood Lane has been injured by Defendants' illegal actions and is entitled to the remedies provided under New York law.

## **JURY TRIAL DEMAND**

125.    Pursuant to Federal Rule of Civil Procedure 38, Briarwood Lane hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Briarwood Lane respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendants:

A.    That Defendants be adjudged to have engaged in trademark infringement

of Briarwood Lane's common law trademark rights, and of Briarwood

Lane's United States Trademark Registration No. 4,550,906 for the mark

Briarwood Lane® (the "'906 Registration") under 15 U.S.C. §1114;

B.  That Defendants be adjudged to have engaged in trademark infringement

false designation of origin, and passing off, unfair competition, and

deceptive acts and practices under 15 U.S.C. §1125(a).

C.  That Defendants be adjudged to have engaged in unfair competition under

the law of the States of New York and New Jersey;

D.  That the '906 Registration, is duly and legally issued by the U.S. Patent

Office, and is valid and enforceable;

E.  That each of Defendants, their officers, agents, servants, employees,

representatives, distributors, and all persons in concert or participation

with Defendants be preliminarily and permanently enjoined from

advertising, offering for sale, selling or marketing merchandise that tends

in any way to deceive, mislead or confuse the public into believing that

Defendants' merchandise in any way originates with, is sanctioned by, or

is affiliated with Briarwood Lane;

F.  That each of Defendants, their officers, agents, servants, employees,

representatives, distributors, and all persons in concert or participation

with Defendants be preliminarily and permanently enjoined from

otherwise competing unfairly with Briarwood Lane;

G.  That each of Defendants, their officers, agents, servants, employees,

22

representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in further acts of misrepresentation regarding Briarwood Lane and Briarwood Lane's products;

H.  That each of Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in further deceptive and unfair business practices with respect to Briarwood Lane;

I.  That each of Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from causing a likelihood of confusion or injuries to Briarwood Lane's business reputation;

J.  That each of Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in further acts infringing Briarwood Lane's rights under New York and New Jersey law;

K.  That Defendants account for all gains, profits, and advantages derived through Defendants' trademark infringement, false designation of origin, and passing off, false advertising, unfair competition, and deceptive acts

and practices;

L.      That Briarwood Lane be awarded monetary relief in an amount to be fixed

by the Court in its discretion as it finds just as an equitable remedy and as

a remedy under 15 U.S.C. §1117, including all damages sustained by

Briarwood Lane as a result of Defendants' acts of trademark infringement,

false designation of origin, passing off, false advertising, and unfair

competition, all profits received by Defendants from sales and revenues of

any kind made as a result of its infringing actions, and the costs of this

action;

M.      That an Order be issued adjudging that this is an exceptional case under 15

U.S.C. §1117;

N.      That such award of Briarwood Lane of damages and profits be trebled

pursuant to 15 U.S.C. §1117;

O.      That Briarwood Lane be awarded punitive, enhanced, and exemplary

damages under federal and state law due to the egregious and rampant

nature of Defendants' illegal acts;

P.      That Briarwood Lane be awarded its attorneys' fees, expenses, and costs

incurred by Briarwood Lane in connection with this action pursuant to 15

U.S.C. §1117, and New York and New Jersey law;

Q.      That Briarwood Lane be awarded pre-judgment and post-judgment interest

and the costs of this action against Defendants; and

R.      That Briarwood Lane obtain all further relief permitted under the laws of

the United States and the States of New York and New Jersey; and,

S.     That Briarwood Lane obtain all such other and further relief as the Court

may deem just and equitable.

Dated: July 12, 2023                                    _/s/Morris E. Cohen_____
                                                        Morris E. Cohen
                                                        Lee A. Goldberg
                                                        Amy Benjamin
                                                        GOLDBERG COHEN LLP
                                                        1350 Avenue of the Americas, 3rd Floor
                                                        New York, New York 10019
                                                        (646) 380-2084 (phone - direct)
                                                        (646) 380-2087 (phone - main)
                                                        (646) 514-2123 (fax)
                                                        MCohen@GoldbergCohen.com
                                                        LGoldberg@GoldbergCohen.com
                                                        Trademarks@GoldbergCohen.com

                                                        Jeffrey P. Resnick
                                                        Sherman, Silverstein, Kohl,
                                                        Rose & Podolsky, P.A.
                                                        308 Harper Drive, Suite 200
                                                        Moorestown, New Jersey 08057
                                                        Telephone: (856) 662-0700
                                                        Facsimile: (856) 661-2080
                                                        jresnick@shermansilverstein.com

                                                        *Attorneys for Plaintiff Discount Decorative*
                                                        *Flags, LLC d/b/a Briarwood Lane*

25