UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOUNT DECORATIVE FLAGS, LLC D/B/A BRIARWOOD LANE,<br><br>Plaintiff,<br><br>v.<br><br>WHALECO INC., d/b/a TEMU, UNAUTHORIZED SELLER 1, d/b/a "MAINA," UNAUTHORIZED SELLER 2, d/b/a "OUTLETBESTONLINE.COM," AND UNAUTHORIZED SELLER 3, d/b/a "CONNOR,"<br><br>Defendants. | Civil Action No.  1:23-cv-05995-JMF |

**DEFENDANT WHALECO INC.'S ANSWER AND DEFENSES TO
<u>PLAINTIFF'S COMPLAINT</u>**

Defendant Whaleco Inc. ("Whaleco"), d/b/a Temu, by and through its attorneys, files its Answer to Plaintiff Discount Decorative Flags, LLC's d/b/a Briarwood Lane ("Plaintiff") Complaint. Whaleco denies that it infringes, or has infringed, any valid and enforceable trademark, denies that there is any basis for the lawsuit brought by Plaintiff against Whaleco, denies that Plaintiff is entitled to any relief, and denies all allegations not specifically admitted in this Answer, including any allegations in the Complaint's headings and introductory Paragraph.

Whaleco reserves the right to amend and/or supplement its Answer as necessary.

## JURISDICTION AND VENUE

1. Whaleco admits that the Complaint purports to include federal trademark infringement and unfair competition claims arising under the Lanham Act, for which subject matter jurisdiction would be governed by 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b). Whaleco admits this Court has supplemental subject matter jurisdiction over the State of New York claim pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367. Whaleco denies the remaining allegations in Paragraph 1.

2. As to Whaleco, Whaleco denies the allegations in Paragraph 2. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 2 and therefore denies them.

3. As to Whaleco, Whaleco admits that personal jurisdiction over it exists, but denies the remaining allegations in Paragraph 3. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 3 and therefore denies them.

4. As to Whaleco, Whaleco admits that venue exists in this Court under 28 U.S.C. § 1391(b) but denies that this Court is the appropriate forum for this dispute under 28 U.S.C. § 1404. Whaleco denies that venue is appropriate under 28 U.S.C. § 1391 (c) or (d) because residency has not been established for the other named Defendants. Whaleco denies that venue is appropriate under 28 U.S.C. § 1400(b) because Plaintiff has not alleged any act of patent infringement. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 4 and therefore denies them.

**THE PARTIES**

5.      Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 5 and therefore denies them.

6.      Whaleco admits that Whaleco is a corporation organized under the laws of Delaware, with its principal place of business at 31 St. James Avenue, Boston, Massachusetts 02116.

7.      Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 7 and therefore denies them.

8.      Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 8 and therefore denies them.

9.      Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 9 and therefore denies them.

10.     Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 10 and therefore denies them.

11.     Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 11 and therefore denies them.

**FACTS**

12.     Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 12 and therefore denies them.

13.     Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 13 and therefore denies them.

14.     Whaleco admits that USPTO records for U.S. Trademark Registration No. 4,550,906 identify Plaintiff as the current owner of the registration, and that the goods listed in

that registration are "[h]ousehold decor and garden ornaments made primarily of textiles and also including beads." To the extent Paragraph 14 contains other allegations, Whaleco denies them.

15. Whaleco admits that according to USPTO records, the registration for U.S. Trademark Registration No. 4,550,906 was issued on June 17, 2014. Whaleco lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 15 and therefore denies them.

16. Whaleco admits that Exhibit 1 of the Complaint includes a copy of the registration certificate for U.S. Trademark Registration No. 4,550,906. To the extent Paragraph 16 contains other allegations, Whaleco denies them.

17. Whaleco admits that USPTO records for U.S. Trademark Serial No. 97/873,809 identify Plaintiff as the current applicant, and that the goods listed in that application include "[h]ousehold decor and garden ornaments made primarily of textiles and also including beads; decorative non-metal mailbox covers," among other goods. To the extent Paragraph 17 contains other allegations, Whaleco denies them.

18. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 18 and therefore denies them.

19. No response is required for Paragraph 19, as it contains no substantive allegations.

20. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 20 and therefore denies them.

21. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 21 and therefore denies them.

22. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 22 and therefore denies them.

23. Whaleco admits that Plaintiff purports to offer products for sale via the Internet at the website www.briarwoodlane.com.  Whaleco lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 23 and therefore denies them.

24. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 24 and therefore denies them.

25. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 25 and therefore denies them.

26. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 26 and therefore denies them.

27. Whaleco admits that it is a subsidiary of PDD Holdings, and that PDD Holdings is associated with various businesses, including Pinduoduo and Temu.

28. Whaleco admits that it operates an online ecommerce marketplace accessible through a website at https://temu.com and through a mobile application (hereinafter referred to as the "Temu Platform").  Whaleco admits that through the Temu Platform, third-party sellers can sell goods directly to consumers.  To the extent Paragraph 28 includes other allegations, Whaleco denies them.

29. Whaleco admits that third-party sellers promote and offer products for sale in various categories, including home décor, through the Temu Platform.  To the extent Paragraph 29 includes other allegations, Whaleco denies them.

30. Whaleco admits that Exhibit 2 of the Complaint purports to show examples of third-party seller listings that Plaintiff alleges infringe its intellectual property rights.  Whaleco lacks

knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 30 and therefore denies them.

30. Whaleco admits that it received the letters depicted in Exhibits 3, 4, and 5 of the Complaint, but denies that said letters comply with Whaleco's intellectual property infringement reporting policy. To the extent Paragraph 31 includes other allegations, Whaleco denies them.

32. Whaleco admits that Plaintiff has sent Whaleco communications alleging infringing activities, including the letters depicted in Exhibits 3, 4, and 5. To the extent Paragraph 32 includes other allegations, Whaleco denies them.

33. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 33 and therefore denies them.

34. Whaleco admits that Exhibit 2 purports to show activity by the other named Defendants but is without knowledge or information as to the timing of Exhibit 2 with respect to letters sent by Plaintiff. The remaining allegations in Paragraph 34 are denied.

35. All allegations in Paragraph 35 are denied.

36. Whaleco admits that the screen capture included in Paragraph 36 purports to depict a Google search. To the extent Paragraph 36 contains additional allegations, Whaleco lacks knowledge or information sufficient to determine the truth of the remaining allegations and therefore denies them.

37. Whaleco admits that the screen capture included in Paragraph 37 purports to depict a Google search. To the extent Paragraph 36 contains additional allegations, Whaleco lacks knowledge or information sufficient to determine the truth of the remaining allegations and therefore denies them.

38. All allegations in Paragraph 38 are denied.

39. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 39 and therefore denies them.

40. All allegations in Paragraph 40 are denied.

41. All allegations in Paragraph 41 are denied.

42. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 42 and therefore denies them.

43. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 43 and therefore denies them.

44. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 44 and therefore denies them.

45. As to Whaleco, all allegations in Paragraph 45 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 45 and therefore denies them.

46. As to Whaleco, all allegations in Paragraph 46 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 46 and therefore denies them.

47. As to Whaleco, all allegations in Paragraph 47 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 47 and therefore denies them.

48. All allegations in Paragraph 48 are denied.

49. As to Whaleco, all allegations in Paragraph 49 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 47 and therefore denies them.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114)

50. Whaleco repeats and incorporates by reference its answers to Paragraphs 1–49.

51. This Paragraph does not require a response; to the extent a response is required, Whaleco admits that 15 U.S.C § 1114 governs claims for federal trademark infringement regarding a federally registered trademark but denies any remaining allegations in Paragraph 51.

52. Whaleco admits that the USPTO records for U.S. Trademark Registration No. 4,550,906 identify Plaintiff as the current owner of the registration. To the extent Paragraph 52 includes other allegations, Whaleco denies them.

53. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 53 and therefore denies them.

54. All allegations in Paragraph 54 are denied.

55. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 55 and therefore denies them.

56. As to Whaleco, all allegations in Paragraph 56 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 56 and therefore denies them.

57. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 57 and therefore denies them.

58. As to Whaleco, all allegations in Paragraph 58 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 58 and therefore denies them.

59. As to Whaleco, all allegations in Paragraph 56 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 59 and therefore denies them.

60. Whaleco admits that it received the letters from Plaintiff depicted in Exhibits 3, 4, and 5 of the Complaint. Whaleco denies the remaining allegations in Paragraph 60.

61. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 61 and therefore denies them.

62. As to Whaleco, all allegations in Paragraph 62 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 62 and therefore denies them.

63. As to Whaleco, all allegations in Paragraph 63 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 63 and therefore denies them.

64. As to Whaleco, all allegations in Paragraph 64 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 64 and therefore denies them.

65. As to Whaleco, all allegations in Paragraph 65 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 65 and therefore denies them.

66. As to Whaleco, all allegations in Paragraph 66 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 66 and therefore denies them.

67. All allegations in Paragraph 67 are denied.

## COUNT II
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. §1114)

68. Whaleco repeats and incorporates by reference its answers to Paragraphs 1–67.

69. This Paragraph does not require a response; to the extent a response is required, Whaleco admits that 15 U.S.C § 1114 governs claims for federal trademark counterfeiting but denies any remaining allegations in Paragraph 69.

70. Whaleco admits that the USPTO records for U.S. Trademark Registration No. 4,550,906 identify Plaintiff as the current owner of the registration. To the extent Paragraph 70 includes other allegations, Whaleco denies them.

71. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 71 and therefore denies them.

72. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 72 and therefore denies them.

73. Whaleco admits that it received the letters from Plaintiff depicted in Exhibits 3, 4, and 5 of the Complaint. Whaleco denies the remaining allegations in Paragraph 73.

74. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 74 and therefore denies them.

75. As to Whaleco, all allegations in Paragraph 75 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 75 and therefore denies them.

76. All allegations in Paragraph 76 are denied.

77. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 77 and therefore denies them.

78. All allegations in Paragraph 78 are denied.

79. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 79 and therefore denies them.

80. As to Whaleco, all allegations in Paragraph 80 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 80 and therefore denies them.

81. As to Whaleco, all allegations in Paragraph 81 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 81 and therefore denies them.

82. Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 82 and therefore denies them.

83. As to Whaleco, all allegations in Paragraph 83 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 83 and therefore denies them.

84. As to Whaleco, all allegations in Paragraph 84 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 84 and therefore denies them.

85. As to Whaleco, all allegations in Paragraph 85 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 85 and therefore denies them.

86. All allegations in Paragraph 86 are denied.

## COUNT III
## FEDERAL TRADEMARK INFRINGEMENT,
## FALSE DESIGNATION OF ORIGIN,
## PASSING OFF, AND UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

87. Whaleco repeats and incorporates by reference its answers to Paragraphs 1–86.

88. This Paragraph does not require a response; to the extent a response is required, Whaleco admits that claims for federal trademark infringement and unfair competition arise under 15 U.S.C § 1125(a) but denies any remaining allegations in Paragraph 88.

89. As to Whaleco, all allegations in Paragraph 89 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 89 and therefore denies them.

90. As to Whaleco, all allegations in Paragraph 90 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 90 and therefore denies them.

91. As to Whaleco, all allegations in Paragraph 91 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 91 and therefore denies them.

92. All allegations in Paragraph 92 are denied.

93. Paragraph 93 does not require a response. To the extent a response is required, all allegations are denied.

94. Paragraph 94 does not require a response. To the extent a response is required, all allegations are denied.

95. As to Whaleco, all allegations in Paragraph 95 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 95 and therefore denies them.

96. As to Whaleco, all allegations in Paragraph 96 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 96 and therefore denies them.

97. As to Whaleco, all allegations in Paragraph 97 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 97 and therefore denies them.

98. All allegations in Paragraph 98 are denied.

## COUNT IV
## UNFAIR COMPETITION
### (New Jersey State Common Law)

99. Whaleco repeats and incorporates by reference its answers to Paragraphs 1–98.

100. This Paragraph does not require a response; to the extent a response is required all allegations are denied. Whaleco also notes that Count IV is purported to be asserted under New Jersey state common law, whereas Plaintiff has also indicated that this claim is to be brought under New York state law. Whaleco's Answer will assume, to the extent there is a difference, that the claim is asserted under New Jersey state law.

101. As to Whaleco, all allegations in Paragraph 101 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 101 and therefore denies them.

102. As to Whaleco, all allegations in Paragraph 102 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 102 and therefore denies them.

103. As to Whaleco, all allegations in Paragraph 103 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 103 and therefore denies them.

104. As to Whaleco, all allegations in Paragraph 104 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 104 and therefore denies them.

105. As to Whaleco, all allegations in Paragraph 105 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 105 and therefore denies them.

106. As to Whaleco, all allegations in Paragraph 106 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 106 and therefore denies them.

107. As to Whaleco, all allegations in Paragraph 107 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 107 and therefore denies them.

108. As to Whaleco, all allegations in Paragraph 108 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 108 and therefore denies them.

## COUNT V
## UNFAIR COMPETITION
### (New Jersey Unfair Competition Act, N.J.S.A. 56:4-1)

109. Whaleco repeats and incorporates by reference its answers to Paragraphs 1–108.

110. This Paragraph does not require a response; to the extent a response is required, all allegations are denied. Whaleco also notes that Count V is purported to be asserted under New Jersey state common law, whereas Plaintiff has also indicated that this claim is to be brought under New York state law. Whaleco's Answer will assume, to the extent there is a difference, that the claim is asserted under New Jersey state law.

111. As to Whaleco, all allegations in Paragraph 111 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 111 and therefore denies them.

112. As to Whaleco, all allegations in Paragraph 112 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 112 and therefore denies them.

113. As to Whaleco, all allegations in Paragraph 113 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 113 and therefore denies them.

114. As to Whaleco, all allegations in Paragraph 114 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 114 and therefore denies them

## COUNT VI
## UNFAIR COMPETITION
### (New York Common Law)

115. Whaleco repeats and incorporates by reference its answers to Paragraphs 1–114.

116. This Paragraph does not require a response; to the extent a response is required, all allegations are denied.

117. As to Whaleco, all allegations in Paragraph 117 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 117 and therefore denies them.

118. As to Whaleco, all allegations in Paragraph 118 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 118 and therefore denies them.

119. As to Whaleco, all allegations in Paragraph 119 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 119 and therefore denies them.

120. As to Whaleco, all allegations in Paragraph 120 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 120 and therefore denies them.

121. As to Whaleco, all allegations in Paragraph 121 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 121 and therefore denies them.

122. As to Whaleco, all allegations in Paragraph 122 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 121 and therefore denies them.

123. As to Whaleco, all allegations in Paragraph 123 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 123 and therefore denies them.

124. As to Whaleco, all allegations in Paragraph 124 are denied. As to the other named Defendants, Whaleco lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 124 and therefore denies them.

Whaleco denies any remaining allegations in Plaintiff's Complaint to which it has not otherwise specifically responded.

## JURY TRIAL DEMAND

This Paragraph of the Complaint constitutes a demand for a trial by jury, which requires no response. To the extent there are any allegations of factual or legal entitlement regarding the demand in this Paragraph, Whaleco denies them.

## PRAYER FOR RELIEF

This Section and Paragraphs A through S constitute a prayer for relief to which no response is required. To the extent there are any allegations of factual or legal entitlement to the requested relief, Whaleco denies such allegations. Plaintiff is not entitled to any relief on this Complaint.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**THIRD AFFIRMATIVE DEFENSE:**

Venue is not appropriate in this forum under 28 U.S.C. § 1404.

WHEREFORE, Whaleco prays that Plaintiff's Complaint be dismissed in its entirety with prejudice; that judgment be entered in favor of Whaleco against Plaintiff; that Plaintiff be denied all relief requested in the Complaint (including all injunctive and declaratory relief); that Plaintiff be ordered to pay the costs of this action and, to the extent authorized by law, to reimburse Whaleco for its attorneys' fees and expenses of litigation; and for such other and further relief as this Court deems just and proper.

Dated: January 12, 2024

*/s/Raj Suresh Grandesha*
Raj Suresh Gandesha
White & Case LLP (NY)
1221 Avenue of the Americas
New York, NY 10020
T: (212) 819-8200
F: (212) 354-8113
rgandeshsa@whitecase.com

Michael J. Songer (*pro hac vice* forthcoming)
White & Case LLP (DC)
701 Thirteenth Street, NW
Washington, DC 20005
T: (202) 626-3647
F: (202) 639-9355
michael.songer@whitecase.com

*Attorneys for Defendant Whaleco Inc.*